MEMORANDUM **
Linda Imsande-Sexton appeals from the district court’s entry of summary judgment in favor of defendants in her action alleging a denial of due process and retaliation under the Labor-Management Reporting and Disclosure Act (“LMRDA”), 29 U.S.C. § 411(a)(2), (a)(5). Defendants cross-appeal from the district court’s order denying their motion to dismiss for failure to exhaust internal union remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s grant of summary judgment, La Vine v. Blaine Sch. Dist., 257 F.3d 981, 987 (9th Cir.2001), and the court’s application of substantive law with respect to the exhaustion of internal union remedies, Ritza v. Int’l Longshoremen’s & Warehousemen’s Union, 887 F.2d 365, 369 (9th Cir.1988) (per curiam). We affirm.
The district court erroneously concluded that defendants’ motion to dismiss was untimely. Although a defendant may assert an exhaustion defense in a pre-answer motion under Rule 12(b) of the Federal Rules of Civil Procedure, a defendant is not required to do so. Ritza, 837 F.2d at 368-69. We nonetheless affirm the denial of defendants’ motion to dismiss because internal union remedies were not available to Sexton. See Casumpang v. Int’l Longshoremen’s & Warehousemen’s Union, Local 142, 269 F.3d 1042, 1061-63 (9th Cir.2001).
The district court properly granted summary judgment on Sexton’s LMRDA due process claim. The International was not *222 required to afford Sexton a “full and fair hearing” on Hinton’s second charges because Sexton was not “fined, suspended, expelled, or otherwise disciplined” as a result of those charges. 29 U.S.C. § 411(a)(5). The International was not required to afford Sexton a full and fair hearing on Hinton’s first charges or the Sarmiento complaint because she failed to appeal those actions to the International.
The district court properly granted summary judgment on Sexton’s retaliation claim because she failed to demonstrate a triable issue as to whether the International’s adverse action was “a direct result of [her] decision to express disagreement with the union’s leadership.” Casum/pang, 269 F.3d at 1058 (internal quotation marks omitted). In light of the Local’s suspension of Sexton’s membership, the International had a legitimate reason to advise the Local to remove her from office, and Sexton failed to offer sufficient evidence of pretext to survive summary judgment.
The district court properly granted summary judgment on Sexton’s claim that the International ratified the allegedly unlawful actions of the Local because she failed to demonstrate a triable issue as to whether the International “ratified the Local’s conduct with full knowledge of its unlawful character.” Moore v. Local Union 509 of Int’l Bhd. of Elec. Workers, 989 F.2d 1534, 1543 (9th Cir.1993).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.